# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NO. 6:15-CR-6-JCB |
| vs. | § | |
| | § | |
| | § | |
| CARLOS CARREON-HERRADA (1) | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On December 5, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Mary Ann Cozby. Defendant was represented by Assistant Federal Defender Matt Millslagle.

### *Background*

After pleading guilty to the offense of Possess with Intent to Distribute a Quantity in Excess of 50 Kilograms of Marihuana, a Class C felony, Defendant Carlos Carreon-Herrada was sentenced on June 13, 2006 by United States District Judge George P. Kazen. The offense carried statutory maximum imprisonment terms of 20 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of I, was 18 to 24 months. Judge Kazen sentenced Defendant to 18 months of imprisonment followed by 3 years of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include 90 hours of community service, drug testing and treatment, and a $100 special assessment.

Defendant completed his term of imprisonment and started his term of supervised release on March 13, 2007. On May 23, 2008, Defendant's supervised release was revoked and he was sentenced to time served, 6 months halfway house placement, and lifetime supervised release.

1

Defendant's supervised release was revoked again on February 13, 2009. He was sentenced to 21 months of imprisonment followed by 3 years of supervised release. Defendant's supervised release was revoked for the third time on October 5, 2012. He was sentenced to time served followed by 5 years of supervised release. Jurisdiction was transferred to the Eastern District of Texas on March 12, 2015. The case was reassigned to United States District Judge J. Campbell Barker on September 20, 2019.

*Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on March 30, 2015, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that the defendant was arrested on March 16, 2015, in Cherokee County, Texas, for allegedly committing the offense of Aggravated Assault (Family Violence) with a Deadly Weapon, a First Degree Felony.

2. **Allegation 2 (mandatory condition)**: **The defendant shall not commit another federal, state, or local crime**. It is alleged that the defendant was arrested on March 5, 2015, by the Jacksonville Police Department for allegedly committing the offense of Possession of a Controlled Substance, a Third Degree Felony.

3. **Allegation 3 (standard condition 2): The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month**. It is alleged that the defendant failed to submit a written report for the months of January and February 2015.

4. **Allegation 4 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances, or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that the defendant submitted positive urine specimens for methamphetamine on January 7, 2015; January 14, 2015; January 27, 2015; February 11, 2015; and February 17, 2015.

5. **Allegation 5 (special condition): The defendant shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse which may include, but not limited to urine, breath, saliva**

**and skin testing to determine whether the defendant has reverted to the use of drugs and/or alcohol. Further, the defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant shall further submit to drug-detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the probation officer.** It is alleged that the defendant failed to report for drug testing at Drug and Alcohol Testing Compliance Service on January 21, 2015; January 29, 2015; February 3, 2015; February 9, 2015; February 19, 2015; February 26, 2015; and February 27, 2015. In addition, the defendant has failed to attend any counseling appointments with Addiction Recovery Services.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Aggravated Assault with a Deadly Weapon as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

category was I. The guidelines provide that Defendant's guideline range for a Grade A violation is 12 to 18 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or by committing the offense of Possession of a Controlled Substance as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of I, the guidelines provide that Defendant's guideline range for a Grade B violation is 4 to 10 months of imprisonment. The remaining allegations in the petition are Grade C violations. With Defendant's original criminal history category of I, the guidelines provide that Defendant's guideline range for a Grade C violation is 3 to 9 months of imprisonment.

*Hearing*

On December 5, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Mary Ann Cozby announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 in the petition and to jointly request a sentence of 7 months of imprisonment, with credit for time served beginning on September 6, 2019, with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should

be revoked and that he should be sentenced to 7 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 7 months of imprisonment, with credit for time served beginning on September 6, 2019, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 7 months of imprisonment, with credit for time served beginning on September 6, 2019, with no further supervised release.

So ORDERED and SIGNED this 9th day of December, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE